**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DEANDRE LAMONT SOLOMON,

       Petitioner,

v.                                           Case Number: 2:13-CV-14716

JEFFREY LARSON,

       Respondent.
                                   /

**OPINION AND ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Deandre[1] Lamont Solomon filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, currently incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan, challenges his conviction for third-degree criminal sexual conduct. The court concludes that Petitioner has not properly exhausted his state court remedies and dismisses without prejudice the habeas corpus petition.

**I. BACKGROUND**

Petitioner pleaded guilty in Washtenaw Circuit Court to third-degree criminal sexual conduct. On September 7, 2011, he was sentenced to one year 6 months to 6 years' imprisonment.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising claims that counsel was ineffective and that there was an insufficient

---

[1] It appears that a clerical error has resulted in Petitioner's name being spelled incorrectly on the docket. The correct spelling of Petitioner's name is "Deandre."

factual basis for the guilty plea. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Solomon*, No. 308782 (Mich. Ct. App. Apr. 10, 2012). The Michigan Supreme Court also denied Petitioner's application for leave to appeal. *People v. Solomon,* 493 Mich. 856 (2012).

Petitioner then filed a motion for relief from judgment in the trial court. He raised these claims: unlawful conviction, ineffective assistance of counsel, illusory plea bargain, involuntary plea, and cruel and unusual punishment. The trial court denied the motion. *People v. Solomon*, No. 11-000207-01 (Wayne County Cir. Ct. Apr. 24, 2013). Petitioner filed an application for leave to appeal the trial court's denial of his motion for relief from judgment in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. *People v. Solomon*, No. 317392 (Mich. Ct. App. Oct. 29, 2013). Petitioner filed a motion for reconsideration on November 12, 2013. That motion remains pending.

On November 3, 2013, Petitioner filed this habeas petition. He raises the same claims raised in his motion for relief from judgment.

## II. DISCUSSION

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

A federal court may not grant habeas corpus relief to a state prisoner unless the

2

prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan,* 526 U.S. at 845 (internal quotation omitted). State prisoners in Michigan must raise each claim in both state appellate courts before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

In this case, Petitioner fails to satisfy his burden of showing exhaustion of state court remedies. Petitioner's motion for reconsideration of the Michigan Court of Appeals' denial of his application for leave to appeal, which raises the same claims raised in the habeas petition, is currently pending in state court. Petitioner must complete the state court process before seeking habeas relief in federal court. *See, e.g., Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); *Harris v. Prelisnik*, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006). Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those

claims to this court. Otherwise, the court cannot apply the standard found at 28 U.S.C. § 2254. Furthermore, the state proceedings may result in the reversal of his conviction, thereby mooting the federal questions presented. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, at *1 (E.D. Mich. Nov. 5, 2008) (citing *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir.1983), and *Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998)); *see also Szymanski v. Martin*, 99-CV-76196-DT, 2000 WL 654916 (E.D. Mich. April 13, 2000). Non-prejudicial dismissal of the petition is warranted under such circumstances.

### III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (citation omitted).

In this case, the court concludes that reasonable jurists would not debate the court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the court denies a certificate of appealability.

### IV. CONCLUSION

The claims raised in the petition have not been fully exhausted in state court.

Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus [Dkt. #1] is DISMISSED WITHOUT PREJUDICE.  A certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the clerk will update the docket to reflect the correct spelling of Petitioner's name as "Deandre Lamont Solomon"


 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  December 3, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 3, 2013, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\13-14716.SOLOMON.dismiss wo prej habeas.jac.wpd