UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANDRE LAMONT SOLOMON,

        Petitioner,

v.                                            Case No.  13-14716

JEFFREY LARSON,

        Respondent.
                                           /

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

Petitioner Deandre Lamont Solomon filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The court concluded that Petitioner did not properly exhaust his state court remedies prior to filing the petition, and dismissed the petition without prejudice.  Now before the court is Petitioner's Motion for Reconsideration.

A motion for reconsideration will only be granted where the movant "demonstrate[s] a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled" and where "correcting the defect will result in a different disposition of the case." E.D. Mich. Local R. 7.1(h)(3).  The court dismissed the petition because, at the time it was filed, Petitioner's motion for reconsideration of the Michigan Court of Appeals' denial of his application for leave to appeal, which raised the same claims raised in the habeas petition, was pending in state court.  Petitioner argues that the Michigan Court of Appeals actually denied his motion for reconsideration six days before the court dismissed his habeas petition.  He

argues, therefore, that he exhausted his state court remedies and the petition should not have been dismissed.

Title 28 U.S.C. §§ 2254(b) and (c) provide that a federal court may not grant a writ of habeas corpus on behalf of a state prisoner unless, with certain exceptions, the prisoner has exhausted available state remedies by presenting the same claim sought to be redressed in a federal habeas court to the state courts.  *See Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).  A petitioner must "fairly present" each claim to all levels of state court review.  *Lott v. Coyle*, 261 F.3d 594, 608 (6th Cir. 2001).  In Michigan, a petitioner satisfies the exhaustion requirement by presenting his claims to the Michigan Court of Appeals and Michigan Supreme Court.  *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  The Michigan Court of Appeals' denial of Petitioner's motion for reconsideration did not satisfy the exhaustion requirement because Petitioner did not (and still does not) show that he has presented his claims to the Michigan Supreme Court.  Accordingly,

IT IS ORDERED that Petitioner's Motion for Reconsideration (Dkt. # 3) is DENIED.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 22, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 22, 2014, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\13-14716.SOLOMON.deny reconsideration.MBC.wpd